IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:20-cr-00087-N-1 |
| | § | |
| RAYMOND GRIGGS, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendant Raymond Griggs' motion to dismiss the indictment for a violation of the Speedy Trial Act and the Sixth Amendment to the United States Constitution or, in the alternative, a motion for a 90-day continuance of the trial.  (Doc. 25.)  On October 4, 2021, the government filed an opposition (doc. 30).  The issues have been fully brief, and the matter is now ripe for adjudication.  For the following reasons, Griggs' motion is granted in part and denied in part.  Specifically, Griggs' request for dismissal of the indictment is denied, and his request for a 90-day continuance of the trial date is granted.

## I.  Background

On February 26, 2020, Griggs was charged in a one-count indictment with making a false statement on an income tax return in violation of 26 U.S.C. § 7206(1).  (Doc. 1.)  That same day, an arrest warrant was issued for his arrest.  (Doc. 3.)  Then, on February 28, 2020, the Court held Griggs' initial appearance and arraignment.  (Docs. 6, 8.)  On March 6, 2020, the Court issued its Pretrial Order and scheduled Griggs' trial to begin on May 4, 2020, and it was anticipated to last for one week.  (Doc. 12.)

On March 13, 2020, Chief Judge Lynn issued Special Order No. 13-5, which suspended all trials in the Northern District of Texas from that date until May 1, 2020, and it also excluded

all time periods pursuant to the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(A).  (Doc. 30, Ex. 1.)  Then, on April 22, 2020, Chief Judge Lynn extended all continuances under Special Order No. 13-5 until May 31, 2020.  (Doc. 30, Ex. 2.)  On March 19, 2020, the government filed a motion to continue (doc. 14), and on March 23, 2020, the Court issued an Amended Pretrial order (doc. 15). The Court found that the ends of justice would be served by a continuance and set a new trial date of July 6, 2020.

On June 19, 2020, Chief Judge Lynn issued an Amended Special Order 13-5, and it suspended all trials through July 17, 2020.  (Doc. 30, Ex. 3.)  On July 8, 2020, in a Second Amended Special Order 13-5, Chief Judge Lynn extended that date to July 31, 2020.  (Doc. 30, Ex. 4.)  On September 14, 2020, the government requested that the Court set a new trial date. (Doc. 22.)  On September 18, 2020, the Court issued an Amended Pretrial Order, and a new trial date of April 5, 2021 was set.  (Doc. 23.)  In support of its Amended Pretrial Order, the Court referenced § 3161(h)(7)(A) and Chief Judge Lynn's Special Orders and determined that the ends of justice served by a continuance outweighed the best interests of the public and the defendant in a speedy trial.  On March 25, 2021, the Court issued another Amended Pretrial Order and set a new trial date of October 25, 2021.  (Doc. 24.)  The Court, once again, found that the ends of justice served by a continuance outweighed the best interests of the public and the defendant in a speedy trial under § 3161(h)(7)(A).

## II.  Discussion

### A.  Griggs' Speedy Trial Act rights have not been violated.

The Speedy Trial Act is found in 18 U.S.C. §§ 3161-3174.  Under the Speedy Trial Act, a defendant must be brought to trial "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial

official of the court in which such charge is pending, whichever date last occurs." *Untied States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002) (quoting 18 U.S.C. § 3161(c)(1)). "The Speedy Trial Act is designed to ensure a federal defendant's Sixth Amendment right to a speedy trial, and to reduce the danger to the public from prolonged periods of the defendant's release on bail." *United States v. Johnson*, 29 F.3d 940, 942 (5th Cir. 1994) (citing *United States v. Gonzales*, 897 F.2d 1312, 1315 (5th Cir. 1990)). Under the Speedy Trial Act, a defendant must be tried within seventy non-excludable days of the indictment. *Id.* When more than seventy non-excludable days pass between the indictment and the trial, the "indictment shall be dismissed on motion of the defendant." *Id.* (quoting 18 U.S.C. § 3162(a)(2); *United States v. Forester*, 836 F.2d 856, 858 (5th Cir. 1988)). Certain days are excluded from the calculation if they fall within the Speedy Trial Act's definition of "excludable days." *Id.* (quoting 18 U.S.C. § 3161(h)(1); *Gonzales*, 897 F.2d at 1315). "[T]he [Speedy Trial] Act recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). When a defendant moves to dismiss the indictment for a violation of the Speedy Trial Act, "[t]he defendant has the burden of proof of supporting [his] motion [to dismiss]." *Johnson*, 29 F.3d at 942 (quoting 18 U.S.C. § 3162(a)(2); *United States v. Melguizo*, 824 F.2d 370, 372 n.11 (5th Cir. 1987)). If a defendant is not brought to trial within seventy non-excludable days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

In this case, fourteen days ran on Griggs's speedy-trial clock between his initial appearance on February 28, 2020 and the Court's issuance of Special Order No. 13-5 on March 13, 2020. For purposes of Griggs's speedy-trial calculation, forty-nine days expired between the expiration of Special Order No. 13-5 (the clock started to run on August 1, 2020) and the Amended Pretrial Order on September 18, 2020.

The Speedy Trial Act includes a list of automatic exclusions for delays caused by pretrial proceedings, the absence or unavailability of a defendant or an essential witness, interlocutory appeals, and similar instances. *See* 18 U.S.C. § 3161(h)(1)-(7). The Speedy Trial Act allows a court to continue a trial and exclude the resulting delay from the speedy trial calculation when it determines that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). This specific provision applies to each time period excludable from Grigg's speedy-trial clock.

**Two lengthy continuances (a total of 403 days) are excludable from Griggs's speedy trial computation under § 3161(h)(7)(A).**

"The 'ends of justice' provision furnishes '[m]uch of the Act's flexibility' because it 'gives the district court discretion-within limits and subject to specific procedures-to accommodate limited delays for case-specific needs." *United States v. Dignam*, 716 F.3d 915, 921 (5th Cir. 2013) (quoting *Zedner*, 547 U.S. at 498-99)). The district court must make findings on the record to support a continuance under § 3161(h)(7)(A):

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id.* (quoting 18 U.S.C. § 3161(h)(7)(A)). In deciding whether to grant an ends-of-justice continuance, a court must consider the following list of non-exhaustive factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

In this case, the Court allowed continuances between September 18, 2020 and March 24, 2021 and then between March 25, 2021 and October 25, 2021.  The Court also allowed Special Order continuances ordered by Chief Judge Lynn between March 13, 2020 and May 31, 2020, June 1, 2020 and June 18, 2020, and June 19, 2020 and July 31, 2020.  Each of these continuances is excludable because they were supported with the end-of-justice findings required by the Speedy Trial Act.  These continuances were based on circumstances caused by the COVID-19 pandemic. When allowing each of these continuances, the Court and Chief Judge Lynn considered the health and safety of the trial participants, in addition to the ability of both sides to be able to properly prepare for a trial under the restrictions imposed by COVID-19.

**B.  Griggs fails to show his Sixth Amendment right to a speedy trial was violated.**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. Amend. VI; *see also United States v. Frye*, 372 F.3d 729, 734 (5th Cir. 2004).  "[A] claim under the Speedy Trial Act differs in some significant ways from a claim under the sixth amendment speedy trial clause." *Frye*, 372 F.3d at 734 (quoting *United States v. Mehrmanesh*, 652 F.2d 766, 769 (9th Cir. 1981)).  The constitutional

right to a speedy trial, unlike the Speedy Trial Act, cannot be "quantified into a specified number of days or months." *Barker v. Wingo*, 407 U.S. 514, 523 (1972). The Supreme Court has determined that four factors should be considered when determining if a defendant has been deprived of his Sixth Amendment right to a speedy trial: (1) "length of delay," (2) "the reason for the delay," (3) "the defendant's assertion of his right," and (4) "prejudice to the defendant." *Id.* at 514; *see also Frye*, 372 F.3d at 735 (citing *United States v. Cardona*, 302 F.3d 494, 496 (5th Cir. 2002)); *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002). "Speedy trial claims are examined under the four-pronged balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)." *Nelson v. Hargett*, 989 F.2d 847, 851 (5th Cir. 1993). When the delay between the indictment and trial exceeds one year, the court "undertakes . . . a full *Barker* analysis, looking to the first three factors to decide whether prejudice will be presumed." *United States v. Molina-Solorio*, 577 F.3d 300, 304 (5th Cir. 2009) (quoting *United States v. Parker*, 505 F.3d 323, 328 (5th Cir. 2007)). "Prejudice may be presumed where the first three factors weigh heavily in the defendant's favor." *Parker*, 505 F.3d at 328 (quoting *United States v. Hernandez*, 457 F.3d 416, 420 (5th Cir. 2006)). "It will be the unusual case, however, where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *Bieganowski*, 313 F.3d at 284 (citing *United States v. O'Dell*, 247 F.3d 655, 666-67 (6th Cir. 2001); *United States v. Munoz-Amado*, 182 F.3d 57, 61 (1st Cir. 1999); *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)). Findings of facts made for a Sixth Amendment speedy trial analysis are reviewed for "clear error." *Frye*, 372 F.3d at 735 (citing *United States v. Serna-Villarreal*, 352 F.3d 225, 230 (5th Cir. 2003)).

    **1. Length of delay**

Under the first *Barker* factor, this Court must look at the length of the delay between the indictment and the trial date. *Barker*, 407 U.S. at 530. In this case, Griggs was indicted on February 26, 2020 (doc.1), and his trial is presently scheduled for October 25, 2021 (doc. 24). Because the time between Griggs's indictment and his scheduled trial exceeds one year, a full *Barker* analysis is appropriate here. *See Molina-Solorio*, 577 F.3d at 304. The Fifth Circuit Court of Appeals and "others generally have found presumed prejudice only in cases in which the post-indictment delay lasted at least five years." *United States v. Serna-Villareal*, 352 F.3d 225, 232 (5th Cir. 2003) (citing *Doggett v. United States*, 505 U.S. 647, 658 (1992) (the Court found presumed prejudice after the government caused a delay of six years); *United States v. Bergfield*, 280 F.3d 486, 489-91 (5th Cir. 2002) (finding presumed prejudice following a delay of five years and three months, but noting that if "the delay had been considerably shorter, [the defendant] might well have been properly required to demonstrate prejudice")). The Court finds that the delay in Griggs's case between the indictment and the scheduled trial date is relatively short. Consequently, this factor weighs in the government's favor.

## 2. The reason for the delay

The second *Barker* factor requires this Court to look to the reasons for the delay. *See Barker*, 407 U.S. at 530. In this case, based on the timing with the COVID-19 pandemic and Chief Judge Lynn's Special Orders, delay here is attributable solely to the COVID-19 pandemic, which resulted in several ends-of-justice continuances. *See* (Docs. 15, 23, 24). The length of time from Griggs' initial appearance, held on February 28, 2020, to his current trial date, scheduled for October 25, 2021, is approximately 20 months. However, only 18 days of that time is attributable to the government. On March 19, 2020, the government filed an unopposed motion to continue

the trial setting to the first available date after June 30, 2020.  (Doc. 14.)  In its motion, the

government represented the following:

> Current restrictions [attributable to the COVID-19 pandemic] make it difficult, if
> not impossible, to meet as a trial team, interview witnesses, serve subpoenas,
> prepare exhibits and pre-trial pleadings, and engage in the myriad other tasks
> demanded by effective trial preparation.  Even if possible, doing this work poses
> unnecessary risks given the daily increase in work and life restrictions, and the
> possibility that they may continue well past the current trial date.

(*Id.* at  2.)  On March 23, 2020, the Court granted the government's motion and found "the ends

of justice served by a continuance outweigh the best interests of the public and the defendant in a

speedy trial for the reasons stated in the motion and therefore grants the requests for continuance

as requested."  (Doc. 15 at 1.)  The Court moved the trial to July 6, 2020.  (*Id.* at 3.)  Under the

second *Barker* factor, the Court finds that the reasons for the delay in this case are justified and

beyond the control of either party.  Therefore, this factor has a neutral outcome.

### 3.  Assertion of the right

The third *Barker* factor requires this Court to evaluate whether and the extent to which the

defendant has asserted his right to a speedy trial.  *Barker*, 407 U.S. at 530.  In this case, Griggs

permitted 49 days to pass on the speedy-trial clock before he asked the Court to set a trial date.

Considering the Second Amended Special Order 13-5, the scheduled July 6, 2020 trial date did not

take place.  The Second Amended Special Order 13-5 expired on July 31, 2020, and Griggs did

not assert his speedy trial rights and promptly request a new trial date.  Rather, on September 14,

2020, the government filed a Motion for Trial Setting.  (Doc. 22.)  In sum, Griggs allowed 49 days

to elapse with no scheduled trial date.  Then, at the request of the Court to provide mutually

available trial dates for a continuance from the April 5, 2021 trial date, the government's counsel

emailed Griggs' attorney.  (Doc. 30, Ex. 5.)  The government's counsel advised Griggs' attorney

of her availability to dates in June, July, and August of 2021.  Griggs' attorney responded with his

availability to dates in October and November of 2021.  Considering these facts, the Court finds

that Griggs has not promptly asserted his speedy trial rights, and this factor therefore weighs in the

favor of the government.

### 4.  Prejudice

Last, the Court will evaluate the fourth *Barker* factor, which considers the extent to which

Griggs is prejudiced.  *Barker*, 407 U.S. at 530.  Because the first three *Barker* factors do not weigh

heavily in Griggs' favor, he is not entitled to a presumption of prejudice.  *See United States v.*

*Harris*, 566 F.3d 422, 433 (5th Cir. 2009).  Therefore, Griggs must demonstrate "actual prejudice"

that outweighs the other factors. *See Frye*, 489 F.3d at 209. "Actual prejudice" is assessed in

conjunction with the following interests of the defendant: (1) "to prevent oppressive pretrial

incarceration"; (2) "to minimize anxiety and concern of the accused"; and (3) "to limit the

possibility that the defense will be impaired." *Barker*, 407 U.S. at 532.

With respect to the first interest, Griggs has not been incarcerated.  Rather, he was released

on pretrial release at his initial appearance and arraignment held on February 28, 2020.  At that

time, he was released on his personal recognizance.  (Doc. 7.)  Griggs was only ordered not to

violate federal, state, or local law and appear in federal court as required.  This factor weighs in

the government's favor.

Under the second interest, the Court must look at the defendant's minimization of anxiety

and concern.  In support of this interest, Griggs argues, "The pressure on him living with the

Indictment has grown.  Griggs is currently unable to move to a new profession, as an insurance

agent, because he can't be cleared with the Indictment hanging over his head."  (Doc. 25 at 1.)

The Fifth Circuit Court of Appeals has held that "[a]nxiety of the sort 'present to some degree in

virtually every case' does not amount to actual prejudice." *United States v. Avalos*, 541 F.2d 1100,

1115 (5th Cir. 1976) (quoting *United States v. Shepherd*, 511 F.2d 119, 123 (5th Cir. 1975)); accord

*Beckwith v. Anderson*, 89 F.Supp.2d 788, 802 (S.D. Miss. 2000); *see also States v. Epps*, No.

3:13CV226 HTW-LRA, 2015 WL 9906257, at *4 (S.D. Miss. Nov. 6, 2015) (finding that while

the pre-trial detainee "undoubtedly experienced anxiety and concern as a pre-trial detainee, absent

proof of substandard conditions or other oppressive factors beyond those that necessarily attend

incarceration, this factor does not automatically weigh in his favor.").   Therefore, this second

interest weighs in the government's favor.

Finally, under the third interest, a defendant must make an "affirmative showing" of

impairment to the defense. *Jamerson v. Estelle*, 666 F.2d 241, 245 (5th Cir. 1982) ("[W]hile 'faded

memory may result in prejudice, we have held that in order to prejudice the defense to the extent

necessary to constitute a speedy trial violation, the faded memory must substantially relate to a

material fact in issue.") (quoting *United States v. Edwards*, 577 F.2d 883, 889 (5th Cir. 1978)).

Griggs has not alleged an impairment to his defense, and he has not made an "affirmative showing"

of impairment.  Accordingly, this third interest weighs in the government's favor.

Considering the foregoing, in this case, three of the four *Barker* factors weigh in the

government's favor.  Therefore, Griggs has failed to demonstrate that his Sixth Amendment right

to a speedy trial was violated.

As discussed, Griggs has not shown a violation of his right to a speedy trial under either

the Speedy Trial Act or the Sixth Amendment.  Therefore, his motion seeking dismissal of the

indictment on the basis that he was not afforded a speedy trial must be denied.  In the alternative,

Griggs seeks a 90-day continuance of his trial date.  In support of this request, Griggs argues that

he seeks to maintain continuity of lead counsel, Michael Minns.  Griggs contends that Minns has

been lead counsel in his case for two years, and Minns has had a family emergency that has taken

up a great deal of his time during the last 90 days.  Therefore, Griggs requests a 90-day continuance

to allow him to receive competent representation in this matter.  The Court finds that Griggs has

demonstrated good cause for the requested 90-day continuance of his trial.  Consequently, a 90-

day continuance in the trial date will be allowed.

### III.  Conclusion

Consistent with the forgoing, Griggs' motion to dismiss or, in the alternative, a motion for

continuance (doc. 25) is GRANTED in part and DENIED in part.  Griggs' request for dismissal

of the indictment under the Speedy Trial Act and the Sixth Amendment to the United States

Constitution is denied, and his request for a 90-day continuance of the trial date is granted.  Griggs'

trial date, presently set for October 25, 2021, will be rescheduled by separate order.

**SO ORDERED.**

October 12, 2021.

_____

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE